UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CIBC INC. and
CIBC WORLD MARKETS CORP.,

                    Plaintiffs,

        -against-

THE UPPER DECK COMPANY,

                    Defendant.
------------------------------------------------------------x

## COMPLAINT

### Nature of the Action

1. This is a claim for breach of contract arising from a written agreement between the plaintiffs and defendant. The subject contract is a commitment letter dated June 25, 2007 (the "Commitment Letter") whereby plaintiffs agreed to act as a source of financing and loan syndication services in connection with the attempted acquisition by defendant of another corporation. This Commitment Letter included a provision whereby defendant agreed to reimburse plaintiffs' anticipated out-of-pockets expenses in connection with the engagement, comprised chiefly of the cost of legal counsel, up to $400,000.

2. Plaintiffs in fact incurred the expenses that defendant agreed to bear, but defendant, in breach of the parties' written agreement, has failed to reimburse them. By this action, plaintiffs seek a judgment that requires defendant to perform an obligation that it knowingly undertook, and which it became legally bound to perform, when it entered into its contract with plaintiffs.

## Parties, Jurisdiction, and Venue

3. Plaintiff CIBC Inc. ("CIBC") is a corporation organized under the laws of the State of Delaware with its principal place of business located in New York, New York.

4. Plaintiff CIBC World Markets Corp. ("CIBC WM") is a corporation organized under the laws of the State of Delaware with its principal place of business located in New York, New York. Both CIBC and CIBC WM provide a broad range of financial services, including corporate and investment banking.

5. CIBC and CIBC WM maintain offices within this District, at 425 Lexington Avenue and at 300 Madison Avenue, New York, New York.

6. Upon information and belief, defendant The Upper Deck Company ("Upper Deck") is a corporation organized under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada. Upon information and belief, defendant is a diversified sports and entertainment company whose best-known products are sports trading cards.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1), as this is an action between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2), since a substantial part of the events giving rise to this claim occurred within this District. Moreover, the Commitment Letter between the parties expressly provides that the parties consent to the jurisdiction of the Courts in this District, and that they waive any objection to venue in this District.

## Background Facts

9. On or about June 25, 2007, the parties entered into a contract entitled "Senior Secured Credit Facilities Amended and Restated Commitment

Letter" (referred to herein as the "Commitment Letter"). The Commitment Letter sets forth the rights and obligations of the parties with respect to a proposed merger transaction that defendant Upper Deck was attempting to effect with non-party Topps Company, Inc. ("Topps"), a competitor of Upper Deck in the sports trading card business.

      10.    Paragraph 7 of the Commitment Letter provides as follows with respect to the obligations of Upper Deck that are at issue in this lawsuit:

> You hereby agree to pay all actual out-of-pocket expenses (including but not limited to expenses incurred in connection with due diligence prior to the Merger Date and travel, courier, reproduction, printing and delivery expenses, and the fees and expenses of Mayer, Brown, Rowe & Maw LLP, counsel to the Financing Parties [defined by the Commitment Letter as plaintiffs CIBC and CIBC WM], and other local or foreign legal counsel) of the Financing Parties paid or incurred directly or in connection with the syndication of the Credit Facilities and with the preparation, execution, delivery, waiver or modification (including, without limitation, proposed waivers or modifications) and enforcement of this Commitment Letter and the Fee Letter and the preparation of the documentation contemplated hereby (including the Financing Documentation), whether or not the Transactions are consummated; <u>provided</u> that, if the Merger Agreement is not made effective, the fees and expenses incurred in connection with the Transactions shall not exceed $400,000 (inclusive of all amounts to be paid by the Borrowers pursuant to provisions of all other agreements between or among the Financing Parties and or their affiliates and the Upper Deck Entities and their affiliates in connection with the Transactions that provide for payment to the Financing Parties and their affiliates of the type of fees and expenses set forth in this paragraph).

      11.    The "Transactions" and "Merger Agreement" that defendant was pursuing, as referred to in the above-quoted provision of the Commitment Letter, related to Upper Deck's contemplated acquisition of Topps. This acquisition was not consummated, and thus the Merger Agreement that defendant

3

sought never became effective. Accordingly, the $400,000 cap provided in the above-referenced provision of the Commitment Letter came into effect.

12. CIBC and CIBC WM (the "Financing Parties" referred to in the operative provision of the Commitment Letter above) actually incurred expenses in excess of $400,000.

13. Plaintiffs have made repeated demand upon the defendant for payment of $400,000 in reimbursement of plaintiffs' expenses. Defendant, with no adequate cause or justification, has refused to pay these expenses and accordingly is in default of its obligations under the Commitment Letter.

### First Cause of Action: Breach of Contract

14. Plaintiffs repeat and reallege Paragraphs 1 through 13 hereof as though fully set forth herein.

15. Plaintiffs have actually incurred expenses that defendant agreed to pay pursuant to the Commitment Letter.

16. By reason of the foregoing, plaintiff has sustained damages in the amount of $400,000, exclusive of interest or costs.

WHEREFORE, plaintiffs CIBC Inc. and CIBC World Markets Corp. demand judgment against defendant The Upper Deck Company, as follows:

a. For compensatory damages in the amount of $400,000;

b. For pre-judgment and post-judgment interest on the foregoing sum;

c. For plaintiffs' reasonable costs of this action, including attorney's fees; and

d. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 17, 2008

                                                */s/ Lloyd S. Clareman*
                                                LLOYD S. CLAREMAN
                                                LC-8385
                                                121 East 61st Street
                                                New York, New York 10065
                                                Tel. No. (212) 751-1585
                                                Fax No. (212) 838-0814
                                                lloyd.clareman@clareman.com

                                                Attorney for Plaintiffs
                                                CIBC Inc. and
                                                CIBC World Markets Corp.